# Joseph W. Cake *v.* J. Adam Cake.   Appeal of Maggie Depew.

*Appeals—Stay of execution—Discretion of court—Evidence—Record.*

In the absence of evidence to the contrary, it will be presumed that an order staying an execution was properly granted ; therefore, the Supreme Court will not reverse such an order, where there is nothing in the record or in the paper-books to show the reasons which prompted the action of the court below, or to enable the Supreme Court to determine whether there was any abuse of authority or usurpation of power by the lower court.

Argued May 22, 1899.   Appeal, No. 64, Jan. T., 1899, by Maggie Depew, from order of C. P. Northumberland Co., Sept. T., 1885, No. 100, making absolute a rule for set-off and to stay execution.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Rule for set-off and to stay execution.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court.

*M. L. Snyder,* for appellant, cited Marsh v. Pier, 4 Rawle, 289 ; Bolton v. Hey, 168 Pa. 421 ; Waln v. Hewes, 5 S. & R.

469; Potter v. Burd, 4 Watts, 18; Bentz v. Bentz, 95 Pa. 219;
In re Road in McCandless Twp., 110 Pa. 605.

*Lewis Dewart*, with him *H. W. Cummings*, for appellee, cited
Nicholas v. Wolfersberger, 5 S. & R. 173.

OPINION BY MR. JUSTICE DEAN, July 19, 1899:

On April 13, 1881, Joseph W. Cake, the legal plaintiff,
executed and delivered to Minnie E. Cake, wife of J. Adam
Cake, a judgment bill for $5,165.50, which was by her duly
entered of record to No. 231, May term, 1891, in the court of
common pleas of Northumberland county. Minnie E. Cake
died May 10, 1891, having first made a will, of which her hus-
band, this defendant, was made executor and sole legatee. On
September 1, 1896, as executor, he had sci. fa. issued to revive
and continue the lien of the judgment No. 231, May term.
J. Adam Cake, the husband, executor and owner of the judg-
ment under the will, ten years before his wife's death, had
delivered to his brother, Joseph W. Cake, a judgment note in
the sum of $1,331.36, which was duly entered of record to
No. 100, September term, 1885, in the same court. On Septem-
ber 7, 1896, Joseph W. Cake had sci. fa. issued to revive and
continue the lien of this judgment against J. Adam Cake; to
this sci. fa. J. Adam Cake filed an affidavit of defense; a rule
for judgment for want of a sufficient affidavit of defense was
made absolute on January 18, 1897, and judgment of revival
for $2,263.31 entered, from which judgment no appeal was
taken. On September 12, 1896, five days after issuing the
sci. fa., Joseph W. Cake had issued on the judgment an attach-
ment execution, No. 615, September term, 1896, with notice to
J. Adam Cake, administrator of his father, Joseph W. Cake,
deceased. On November 12, 1897, Joseph W. Cake, the plain-
tiff in the judgment against J. Adam Cake, assigned to his
counsel, Witmer and Clement, $573.69, amount alleged to be
in hands of J. Adam Cake, administrator, and subject to the
lien of the attachment. On November 13, 1897, the day fol-
lowing, he assigned the balance of his judgment, $1,689.62, to
Maggie Depew, the use plaintiff in this appeal. On May 1,
1897, J. Adam Cake moved to set off the judgment held by
him as legatee of his wife, Minnie E. Cake, to the judgment

against himself of Joseph W. Cake.  The court refused the set-off.  Thereupon, March 1, 1898, Maggie Depew issued execution on that part of the judgment assigned to her by Joseph W. Cake, which execution was stayed by order of the court, with this entry to the decree : " See opinion this day filed in No. 247, December term, 1896, where the questions raised are identical with those raised on this rule." Appellant's argument to reverse the decree is based solely on this record, as we have stated; nothing else is before us.

As a general rule, courts have control of executions issued from their own records, and can for sufficient reasons restrict the levy or set them aside.  We are furnished here on the paper-books with nothing but the docket entries.  The opinion of the court on which the decree is based is not printed, nor does it even appear in the record made up and filed in this court.  Whether the execution was stayed because the use plaintiff had been paid her money, or because she sought to levy it out of property not subject to seizure, it is impossible for us to determine.  To reverse the decree, we would have to assume the court below erred, without a spark of evidence to warrant the assumption.  If the opinion filed in No. 247, December term, 1896, had been placed before us by appellant, we could have determined whether there was any abuse of authority by the court below, or any usurpation of power.  As the case stands, we are left in the dark; we will not assume error; it must be made to appear.

The decree is affirmed, and the appeal is dismissed at costs of appellant.