## Lawrence Park Realty Co. v. General Housing Corp. et al.

*J. M. Sherwin* and *W. S. Carroll*, for plaintiff.

*Kitts, Barber & Sennett*, for defendants.

HIRT, J., April 16, 1931.—On May 25, 1927, General Housing Corporation gave the bond entered in judgment here, together with an accompanying mortgage, to secure the payment of $534,440.22, payable in instalments with interest at 5½ per cent. per annum. Under the terms of the bond and mortgage, none of the principal is past due. Both the bond and mortgage contain the following:

"Default of payment of interest, installment of principal, premium on insurance, or taxes on land described in the accompanying mortgage for thirty days after same becomes due, may be taken by said obligee, its certain attorneys, successors or assigns, at its option, to make this Bond and Obligation, and accompanying mortgage, forthwith due and collectible. It being understood that before enforcing said default 30 days notice of default shall be mailed by Registered Mail to General Housing Corporation, 222 West 59th Street, New York City, N. Y."

On February 6, 1931, taxes against the property secured by the mortgage, amounting to $7496.52, were due and unpaid, and on that date, in accordance with the above provision, Lawrence Park Realty Company sent a notice of default by registered mail to the General Housing Corporation. In November, 1928, General Housing Corporation had conveyed the land to Clarence L. Saxton, subject to the above mortgage and received from said Saxton as a part of the consideration a second mortgage on the same land, with an accompanying bond, conditioned upon the payment of $175,000. This second mortgage was assigned to and is now held by C. Bai Lihme. When served with notice of arrears, General Housing Corporation, therefore, had no interest in the land. Clarence L. Saxton, the record owner, has died and the second mortgage is in default. Within thirty days from the date of the notice of

default, to wit, on March 7, 1931, C. Bai Lihme, holder of the second mortgage, paid the taxes in arrears, referred to in said notice, amounting to $7496.52. Thereafter, on March 13, 1931, Lawrence Park Realty Company entered judgment here by confession on the bond of General Housing Corporation in the sum of $534,440.22 real debt with additions for interest and attorneys' commissions and issued execution for the collection thereof upon an alleged default under the terms of the bond and its accompanying mortgage, to wit, the failure to pay taxes on the land described in the accompanying mortgage for thirty days after the same became due. On April 8, 1931, C. Bai Lihme moved the court for leave to intervene as party defendant and asked that the judgment be opened and the execution stayed.

No irregularity appears in the entry of the judgment, and, therefore, the questions raised here are (1) was there such default under the terms of the bond of General Housing Corporation and its accompanying mortgage as will entitle Lawrence Park Realty Company to an execution to collect the whole debt; and (2) does C. Bai Lihme, the holder of a second mortgage on the same premises, have status to intervene here and to have execution stayed if this judgment is not in default?

As to the first question: In our opinion, it is clear that there was no enforceable default according to the terms of the bond and mortgage held by Lawrence Park Realty Company. Both the bond and the mortgage provide that default of payment of taxes for thirty days after the same shall have become due may be taken by the obligee to make the bond and its accompanying mortgage forthwith due and collectible. But it is further provided that before said default can be enforced, thirty days' notice of the default shall have been given to General Housing Corporation. The clear intent of this provision relating to default is that the owner of the premises bound by this mortgage shall have thirty days after the notice of the default within which to cure the same by making the necessary payments. And the fact that General Housing Corporation is no longer the owner of the premises, in our opinion, does not affect the terms of the default clause. What the provision contemplates is the payment of interest, premiums on insurance and taxes, and whether paid by General Housing Corporation or by another is immaterial so long as they are paid.

As to the second question: We believe that Lihme has the right to intervene and that he is entitled to a stay of execution. He is the holder of a second mortgage in a large amount, which mortgage is past due, both principal and some interest. Lihme, when the estate of Saxton indicated that it would not pay this mortgage, went into possession of the land, since when he has been attempting to collect the rents and profits. A sale on the judgment entered here will divest the lien of Lihme's mortgage and its accompanying bond. To protect himself, it will be necessary for him to pay the whole of this judgment, debt, interest, collection fee and costs. Lihme must be prepared to meet this situation, but only when the mortgage shall have become due by expiration of its term or by default. Whether or not a court should interfere with the right of a judgment creditor to collect his debt by whatsoever means the law allows rests in the discretion of the court (Augustine v. Augustine, 291 Pa. 15); we believe that the case at bar calls for the exercise of such discretion.

And now, to wit, April 16, 1931, the rule granted April 8, 1931, on petition of C. Bai Lihme for leave to intervene as party defendant is made absolute and the execution issued on the above judgment is stayed until further order.