## Nahas, Appellant, *v.* Nahas, Appellant.

Argued November 10, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Joseph Knox Stone,* for plaintiffs.

*Thompson Bradshaw,* with him *Bradshaw & Panner,* for defendant.

OPINION BY ROSS, J., March 16, 1954:

On October 14, 1952, plaintiffs, David and Mary Nahas, entered judgment in ejectment against defendant, Albert Nahas, under authority of a warrant of attorney in a written lease of premises owned by plaintiffs in Borough Township, Beaver County. Defendant filed a petition to open the judgment and obtained a rule on plaintiffs to show cause why judgment should not be opened, but by agreement of the parties this rule was not pursued. Counsel for the respective parties entered into a stipulation whereby it was agreed "that the action shall be tried as if the Court had entered an Order opening the judgment . . . and permitted Albert Nahas to make a defense to said action in ejectment".

The case was tried before a judge and a jury in the Court of Common Pleas of Beaver County. A verdict was directed by the trial judge in favor of plaintiffs for possession of the premises in question. Thereafter, when plaintiffs caused a writ of habere facias possessionem to issue on their judgment, defendant petitioned the court to stay execution. On September 18, 1953, the court issued an order staying execution for six months from the date of the order. The defendant

has appealed to this Court from the directed verdict in favor of plaintiffs and judgment entered thereon. Plaintiffs have appealed from the order staying execution on their judgment. The appeals were argued together and will be disposed of in one opinion.

The facts are not in dispute. On May 5, 1949, plaintiffs as lessors and the defendant as lessee entered into a lease for premises situate in Borough Township, Beaver County. This lease provided, inter alia: ". . . Lessors hereby lease to . . . Tenant for the term of five years commencing on the first day of the month following the month in which the building located on the premises herein referred to is completed and ready for use as a storeroom for a total rent of $4200.00. . . . IN CONSIDERATION WHEREOF said Tenant covenants to pay as rent in sixty equal installments without demand on the first day of each month during the term of said lease or any renewal thereof until the whole amount of said rent is paid. In addition Tenant agrees to pay all utilities used on said premises by him. . . . For value received and forthwith on any default of payment of rent . . . Tenant further authorizes any attorney of any court of record to appear for him and confess judgment in ejectment for the premises herein described and authorizes the immediate issuance of a writ of *Habere Facias Possessionem* with clause of *Fieri Facias* for rent in default and costs. No judgments shall be confessed under the terms hereof unless Tenant has been in default for thirty days or more." Judgment in ejectment was confessed against defendant on October 14, 1952.

As we view it, the issue before the court below was not whether plaintiffs were justified in confessing judgment in ejectment against defendant on October 14, 1952, but rather whether on the facts developed at the trial there had been a default under the lease which

*then* entitled plaintiffs to possession of their property. The judgment by confession was opened by agreement of the parties. It was opened generally, without the imposition of terms. In such case the issue is tried on the merits, so that the defendant is let in to defend the cause of action by setting up available defenses which, in general, are tried in the usual manner, as if no judgment had been entered. *Standard Pennsylvania Practice,* vol. 7, ch. 30, sec. 144, p. 155.

The lease between the parties called for payment of rent "without demand on the first day of each month during the term of said lease or any renewal thereof". Failure so to pay rent is expressly made a ground for forfeiture if such default persists for thirty days or more. Rent for September 1952, which according to the lease was due on the first of that month, was not paid until more than thirty days after the due date. This evidence established plaintiffs' right to declare a forfeiture of the lease under the terms thereof, and supports the judgment of the court below giving them possession of the property.

It is the defendant's contention that plaintiffs, by accepting rent payments on the nineteenth of the month, waived their right to receive it on the first and consequently lost their right to declare a forfeiture of the lease for a default in payment of rent which persisted only thirty days from the first day of the month. With this contention we cannot agree.

The record discloses that the defendant paid rent for the leased premises on the nineteenth day of the month from January 1950 to August 1952. Plaintiffs accepted rent payments made on the nineteenth day of the month but protested this practice and demanded payment on the first. More positive action they could not take because of the thirty-day grace period afforded defendant by the terms of the lease.

In *Steinman v. LaCharty Hotels Co.*, 355 Pa. 444, 50 A. 2d 297, the lessors confessed judgment against the lessee and the court below entered a decree discharging rules to show cause why judgment should not be opened and why judgment should not be stricken off. On appeal, one of lessee's contentions was that the lessors' failure to claim additional rent as provided by the terms of the lease, constituted a waiver of the provision calling for the same. With respect to that contention the Supreme Court stated at page 447: "The burden of establishing a waiver of [or] forfeiture of the provision for additional monthly rental was upon appellant. To do so, it was necessary to prove that appellees had pursued a course of conduct reasonably calculated to induce the belief that the provisions would never be enforced and that the enforcement would, under the circumstances, be tantamount to perpetration of fraud upon appellant and would work an unconscionable injustice. Proof of failure to rigorously enforce rights will not sustain the burden. Equally insufficient is proof of indulgence or neglect."

The defendant in the case at bar has not proved that plaintiffs "pursued a course of conduct reasonably calculated to induce the belief that the provisions (of the lease) would never be enforced". There is here not even proof of "failure to rigorously enforce rights", nor of "indulgence or neglect". Further, it is by no means clear that the defendant has reason to complain of the judgment entered against him in the court below even if it is assumed that he had the right to pay rent on the nineteenth of the month instead of on the first. His own evidence indicates that his rent for September 1952 was not paid until more than thirty days after the nineteenth day of that month.

Borough Township rendered a charge for "sewer connections" on the property in the sum of two dollars a month. Plaintiffs contend that this charge is to be included in the "utilities" which the lease required the defendant to pay in addition to the rent. Defendant refused to pay the charge for any month he occupied plaintiffs' storeroom. This fact is not material to the present appeal. The obligation to pay utilities is by the terms of the lease a covenant as distinguished from a condition.

Finally, the defendant contends that the court should have submitted to the jury whether or not a conditional verdict should have been rendered under the provisions of R.C.P. 1056. The answer to this contention is that the court was not asked to have the jury pass upon this question, it was not advanced on defendant's motion for a new trial and, consequently, it is too late to raise it before us.

We come now to the plaintiffs' appeal from the order of the court below staying execution on the judgment. They do not contend that the court *abused its discretion* in staying the writ; they contend that the court had *no power* to stay it. This contention is ruled against the plaintiffs by a long line of cases including *Patterson v. Patterson,* 27 Pa. 40; *Cake v. Cake,* 192 Pa. 550, 43 A. 971; *Augustine v. Augustine,* 291 Pa. 15, 139 A. 585, and *Sinking Fund Commissioners v. Philadelphia,* 324 Pa. 129, 188 A. 314. See, also, Standard Pennsylvania Practice, vol. 7, sec. 445 et seq., and vol. 13, sec. 188.

Judgment affirmed at No. 1 April Term 1954. Order affirmed at No. 170 April Term 1953.