## Magid-Robinson Co., Inc. v. Rondo H. Slade Department Stores, Inc.

*Robert I. Morris*, for plaintiff.
*Stephen Rodos*, for claimant.

SPORKIN, *J.*, February 15, 1978—The instant matter came before this court upon petition of Universal Decorators, Inc. (Universal) to strike and set aside writs of execution and for similar relief from a sheriff's sale of certain personal property levied upon as the property of Rondo H. Slade Department Stores, Inc. (Slade). The circumstances of those levies and of the said sheriff's sale may be summarized as follows:

In February, 1976, Safeguard Business Systems, Inc. (Safeguard) instituted an action against Slade and in June, 1976, Magid-Robinson Co., Inc. (Magid-Robinson) commenced a separate action against the same defendant. Thereafter, default judgments were entered against Slade in both cases for the failure of Slade to answer or defend in either action. Pursuant to writs of execution filed by the respective plaintiffs in those two cases, the sheriff of Philadelphia County levied upon the personal property of Slade located at 132 N. Third Street, Philadelphia, Pa. and scheduled a sheriff's sale for January 11, 1977, at 11:00 a.m.

On October 8, 1976, Universal filed a property claim with the sheriff alleging that all of the property levied upon at 132 N. Third Street was the property of Universal and not Slade, the import of which was to challenge the list of items available for the sheriff's sale. On November 8, 1976, the sheriff made a prima facie determination that Universal was not the owner of the property levied

upon. The sheriff's determination of November 8, 1976, was forwarded to Universal with notice of the right to appeal said determination within ten days by filing an objection with the prothonotary. Universal also received notification that the failure to file an objection to the sheriff's finding would be deemed as an abandonment of the property claim and that the property could be ordered sold by each plaintiff's attorney in those cases.[1]

In spite of the sheriff's notification, Universal failed to file an objection with the prothonotary to the sheriff's prima facie determination within the required ten-day period as provided in Pa.R.C.P. 3207(b). Thereafter, on January 7, 1977, four days prior to the scheduled sheriff's sale, Universal filed a petition to strike and set aside the writs of execution and the sheriff's sale.

After carefully considering the instant petition, the answer thereto by plaintiffs, Magid-Robinson and Safeguard, and the respective briefs, this court entered an order on April 18, 1977, which denied and dismissed Universal's petition. An appeal to the Superior Court followed this order. This opinion is therefore issued in accordance with Pa.R.A.P. 1925.

---

1. The sheriff's determination of November 8, 1976 contra property claimant, Universal, provides the following:

"Right of Appeal

"The Claimant may, within ten (10) days after the date of the mailing of the copy of the Determination, as noted above, file with the Prothonotary of Philadelphia, City Hall, an Objection . . ."

The determination also states that:

"FAILURE TO FILE AN OBJECTION WILL BE DEEMED AN ABANDONMENT OF THE PROPERTY CLAIM AND THE PROPERTY MAY BE ORDERED SOLD BY THE PLAINTIFF'S ATTORNEY."

We conclude that the sole and exclusive means of contesting the sheriff's determination of ownership is provided in Pa.R.C.P. 3207(b)[2] and that Universal's failure to object to the sheriff's finding of November 8, 1976, within the ten day period prescribed in the said rule, foreclosed any further challenge to the validity of the writs of execution and to the scheduled sheriff's sale. Universal abandoned its property claim of October 8, 1976, that it filed with the sheriff, by ignoring the procedure mandated by Rule 3207(b).[3]

By filing a timely objection to the sheriff's determination with bond, Universal could have had all levies on the claimed property withdrawn and could have maintained possession of the property pending a final judicial ruling as to which party was the true owner.[4] If Universal had filed an ob-

---

2. Pa.R.C.P. 3207(b) provides that the claimant may, within ten days after the date of the mailing of the copy of the (sheriff's) determination (of ownership) and valuation, file with the prothonotary and with the sheriff an objection to the determination with or without bond. Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all parties in interest shall be defendants.

3. Pa.R.C.P. 3207(c) states that if no objection is filed (to the sheriff's determination), the claim shall be deemed abandoned and the sheriff shall proceed with the execution against the property without further order of court.

4. Under Pa.R.C.P. 3207(d), if the claimant filed an objection with bond in a sum double the valuation of the property as determined by the sheriff or double the amount under all writs of execution against the defendant on which the sheriff has levied, whichever is smaller, the sheriff, unless otherwise ordered by the court, shall withdraw all levies on the claimed property. Upon the payment by the claimant of any sheriff's cost, the sheriff shall deliver it to the person from whom it was taken.

jection without bond, the property would have been sold at sheriff's sale, but all proceeds would have been retained by the sheriff or the court until the judicial resolution of Universal's objection.[5]

Universal freely chose to ignore and disregard the mandatory provisions of Pa.R.C.P. 3207 and is now estopped from seeking and obtaining relief from this court for its failure to act in accordance with this rule.

Nor can we subscribe to Universal's contention that it is entitled to relief pursuant to Pa.R.C.P. 3121(d)[6] since Universal is not a party in interest in these cases. Inasmuch as Universal failed to file a timely objection to the sheriff's determination of ownership and has not filed a petition to intervene pursuant to Pa.R.C.P. 2328(a),[7] Universal is, in our view, not a "party in interest" and has no standing to contest the writs of execution or request a stay of the sheriff's sale.

Furthermore, we cannot agree with Universal's assertion that it is entitled to equitable relief in this

5. Pursuant to Pa.R.C.P. 3207(e), if the claimant files an objection without bond, the property shall remain subject to the levy and shall be sold in execution, unless otherwise ordered by the court, and the proceeds shall be retained by the sheriff or paid into court until the determination of the interpleader.

6. Rule 3121(d) of the Pennsylvania Rules of Civil Procedure states that: "The court may on application of any *party in interest* set aside the writ, service or levy (1) for a defect therein; (2) upon a showing of exemption or immunity of property from execution, or (3) upon any other legal or equitable ground therefor."

7. In order to intervene in an action, Pa.R.C.P. Rule 2328(a) requires an application for leave to intervene by means of a petition setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert.

matter.[8] In Patterson v. Patterson, 27 Pa. 40, 41 (1856), the Pennsylvania Supreme Court stated: "Whilst the power to stay execution of a judgment is necessary to prevent injustice, it should never be exercised unless the case is plain, and the equity of the party asking the interposition of the court is free from doubt or difficulty."

Not only are we not convinced that the case made out by Universal is plain and free from doubt, but in balancing the equities of all the parties, we must conclude that the equities clearly lie with the plaintiffs. We believe it would be a great injustice to Magid-Robinson and Safeguard if we permitted Universal to totally disregard the applicable Rules of Civil Procedure after receiving explicit instructions from the sheriff as to its right of appeal and then allow Universal to set aside the sheriff's sale four days prior to the scheduled date. Universal has offered no excuse whatsoever for ignoring the sheriff's notice and the requirements of Pa.R.C.P. 3207; thus, the sheriff's determination that the property levied upon was owned by Slade and not Universal is conclusive.

Magid-Robinson and Safeguard diligently abided by the applicable Rules of Civil Procedure and expended time, effort, and money in obtaining default judgments, levies, and a scheduled date for the sheriff's sale. Universal demands equitable relief on the factual issue of ownership of the property located at 132 N. Third Street, the resolution of

---

8. In its petition, Universal alleged that equitable grounds exist for the setting aside of the writs of execution and sheriff's sale in that all of the property levied upon was purchased by Univeral over the preceding twenty years and was therefore owned by Universal and not Slade. This allegation was denied by Magid-Robinson and Safeguard in their answers to Universal's petition.

which has already been finally determined by the Sheriff of Philadelphia County. This demand by Universal can be compared to a party seeking equitable relief from a court to overturn a jury verdict against that party. We find no basis to disturb the sheriff's determination at this late date and hold Universal's request to appeal nunc pro tunc from said determination to be without justification.

Accordingly, in light of the foregoing discussion, we dismissed Universal's petition.