J-S03033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD MAGID, SUCCESSOR IN INTEREST TO FIRST NIAGARA BANK, NA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FRED POTOK | |
| Appellee | No. 1975 EDA 2014 |

Appeal from the Order Entered June 10, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-29389

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED APRIL 16, 2015**

Edward Magid, successor in interest to First Niagra Bank, N.A., (Magid) appeals from the order entered June 10, 2014, in the Court of Common Pleas of Montgomery County, denying his emergency petition for supplementary relief in aid of execution, pursuant to Pa.R.C.P. 3118. Magid presents two questions: (1) "Whether the trial court abused its discretion in denying [Magid's] Motion seeking a stay of execution and extension of the levy," and (2) "Whether the trial court erred by not ruling that the Writ did not expire due to the continued dispute over the property claim pursuant to Pa.R.C.P. 3121(a)(3)[.]"[1] Based upon the following, we affirm.

---

[1] Magid's Brief at 1. Magid discusses these questions in a single argument, and this Court will also address these questions in one discussion.

The trial court has summarized the facts underlying this appeal as follows:

First Niagara Bank, NA, filed a complaint in confession of judgment against Defendant, Fred B. Potok. On November 21, 2012, Edward Magid, as successor in interest to First Niagara, filed a Praecipe for Writ of Execution, directing the Sheriff to levy upon the Defendant's personal property located at 992 Sheffield Lane, Huntingdon Valley, PA 19006. On April 30, 2013, [Magid] filed another Praecipe for Writ of Execution against the same property of the Defendant's. On July 25, 2013, the Sheriff levied upon the Defendant's personal property at the Huntingdon Valley residence.

Jack Potok, the Defendant's brother, filed a third party property claim for all items located at the address, except for a safe. After a hearing, the Sheriff granted Jack Potok's claim as to all personal property at the residence, except for the contents of the garage and the safe. Subsequently, Edward Magid filed an objection to the Sheriff's determination. A hearing on Magid's objection was held before the Honorable S. Gerald Corso, who issued an order, dated October 16, 2013, which denied Magid's objection to the [S]heriff's determination, with the exception of the items that Fred Potok jointly owned with Jack Potok.[1]

_____

[1] Brian Rachlin also filed a third-party property claim. Rachlin objected to the Sheriff's determination and his claim was also heard before Judge Corso and decided in a separate October 16, 2013 order.

_____

Thereafter, a Sheriff's sale of the personal property was scheduled for January 23, 2014. [Magid] cancelled that Sheriff's sale, as the parties were unable to reach an agreement on which items were to be sold. The Sheriff took the position that the sale of personal property could not proceed since the court's [October 16, 2013] order was not specific as to what items were to be sold. [Magid] did not file a motion to clarify the order with the trial court and did not take an appeal. Subsequently, [Magid] filed an Emergency Petition for Supplementary Relief in Aid of Execution pursuant to Pa.R.Civ.P. 3118.

A hearing was held on the matter, at which [Magid's] counsel summarized his position as follows:

> There was testimony taken that a home improvement loan was taken out by the defendant and his brother, which, in effect, resulted in a complete remodeling of the entire house. There were older items of furniture and antiques and things that we were not — we were accepting the Court's determination [that] those were assets left through the mom's estate to Mr. Potok's brother. But as far as the remodeling was concerned, the testimony was that they redid everything, all new appliances. There was new furniture put in. There were these desks, brand new bookcases and things, that all, in our opinion, is subject to the sale.

(N.T. 6/3/14, pp. 5-6). Thereafter, this court issued an order, dated June 6, 2014, denying [Magid's] petition. [Magid] now appeals this court's determination.

Trial Court Opinion, 8/5/2014, at 1–2.[2]

At the outset, we note the trial court's findings that the January 23, 2014, Sheriff's sale was cancelled by Magid when the Sheriff expressed concerns regarding the court's October 16, 2013, order, and that Magid did not file a motion to clarify the order. Against this background, we address

---

[2] The docket reflects that the trial court did not order Magid to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), and none was filed with the court. There is, however, a copy of a Rule 1925(b) concise statement prepared by Magid's attorney, attached to the brief of appellee, Fred Potok. However, since the concise statement was not court-ordered, waiver principles do not apply. **See Commonwealth v. Antidormi**, 84 A.3d 736, 745 n.7 (Pa. Super. 2015) ("The requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement.").

the issue presented in this appeal, namely, whether the court erred in denying relief pursuant to Pennsylvania Rule of Civil Procedure 3118, "Supplementary Relief in Aid of Execution."[3]

_____

[3] Rule 3118 provides, in relevant part:

> (a) On petition of the plaintiff, after notice and hearing, the court in which a judgment has been entered may, before or after the issuance of a writ of execution, enter an order against any party or person
>
> > (1) enjoining the negotiation, transfer, assignment or other disposition of any security, document of title, pawn ticket, instrument, mortgage, or document representing any property interest of the defendant subject to execution;
> >
> > (2) enjoining the transfer, removal, conveyance, assignment or other disposition of property of the defendant subject to execution;
> >
> > (3) directing the defendant or any other party or person to take such action as the court may direct to preserve collateral security for property of the defendant levied upon or attached, or any security interest levied upon or attached;
> >
> > (4) directing the disclosure to the sheriff of the whereabouts of property of the defendant;
> >
> > (5) directing that property of the defendant which has been removed from the county or concealed for the purpose of avoiding execution shall be delivered to the sheriff or made available for execution; and
> >
> > (6) granting such other relief as may be deemed necessary and appropriate.

Pa.R.C.P. 3118(a).

"When reviewing the grant or denial of Rule [3118] supplementary relief, this Court's review is limited to determining whether the trial court abused its discretion." ***Marshall Ruby & Sons v. Delta Min. Co.***, 702 A.2d 860, 862 (Pa. Super. 1997) (citation omitted).

"Rule 3118 authorizes summary proceedings in aid of execution for the purpose maintaining the *status quo* as to the judgment-debtor's property and it may be used only for that purpose." ***Greater Valley Terminal Corporation v. Goodman***, 202 A.2d 89, 94 (Pa. 1964). ***See also Kaplan v. I. Kaplan, Inc.***, 619 A.2d 322, 326 (Pa. Super. 1993) ("[T]he grant of [Rule 3118] relief does nothing more than maintain the *status quo* of a debtor's property."), a*ppeal denied*, 636 A.2d 634 (Pa. 1993).

Magid, in his Emergency Petition for Supplementary Relief in Aid of Execution Pursuant to Pa.R.C.P. 3118, pleaded, *inter alia*:

> 1. [Magid] is the Plaintiff herein as successor in interest to First Niagra Bank and who holds a judgment against [Fred Potok] in the above matter.
>
> …
>
> 5. On May 1, 2013, [Fred Potok] was served with the Writ of Execution.
>
> 6. Due to prior difficulties serving [Fred Potok], on May 15, 2013, [Magid] filed a Motion to Direct the Sheriff to Break Premises to Effect Personal Property Levy.
>
> 7. On July 3, 2013, the Court granted the Petition to Break and Enter.
>
> …

10. On July 25, 2013, the Sheriff levied upon [Fred Potok's] personal property situated in 992 Sheffield Lane, Huntingdon Valley, PA.

11. On August 1, 2013, a third party property claim was filed by Jack Potok, [Fred Potok's] brother, which claimed ownership of all of the contents with the exception of a safe.

12. On August 21, 2013, the Sheriff issued a determination in favor of Jack Potok.

13. [Magid] appealed the Sheriff's determination.

14. On October 16, 2013, the Court denied [Magid's] appeal with the "exception of items jointly owned with Fred Potok."

15. [Magid] obtained a transcript of the October 16, 2013 hearing and forwarded it to the Sheriff.

16. [Magid] scheduled the Sheriff's Sale for January 23, 2014.

17. [Magid] was forced to cancel the Sheriff Sale because the Sheriff could not ascertain what was to be sold.

18. The parties were unable to reach an agreement on the issue of the items to be sold.

19. [Magid] requested the Sheriff and its then Solicitor, Thomas Speers, Esquire that the sale be rescheduled, but was advised that they would not do so.

20. [Magid] contacted the new Solicitor, Sean Cullen, Esquire and was advised by letter faxed April 2, 2014 they would be doing nothing to assist[.] [Magid's] counsel was out of the office until today, April 3, 2014 when he saw the letter.

21. The Writ expires today, April 3, 2014.

22. Under the circumstances, [Magid] seeks a Stay of Execution, the Extension of the Writ, and the Preservation of the Lien.

WHEREFORE, [Magid] respectfully requests that this Honorable Court enter an Order that:

- 6 -

     a.  stays the execution;
     b.  extends the Writ of Extension (sic);
     c.  maintains [Magid's] lien; and
     d.  schedules the Sheriff Sale on all assets levied upon[.]

Magid's Emergency Petition For Supplementary Relief In Aid of Execution Pursuant to Pa.R.C.P. 3118, 4/3/2014, at ¶¶ 1, 5-7, 10–22 & Wherefore Clause.

Here, the trial court opined that Rule 3118 is limited to the preservation of the *status quo* with regard to the judgment debtor's assets, and concluded the facts of this case do not establish a basis for relief. **See** Trial Court Opinion, **supra**, at 3. Magid, however, contends Pa.R.C.P. 3118(a)(6) allows the court to grant "such other relief as may be necessary and appropriate," and the relief sought by the emergency petition, i.e., a stay of execution and extension of the writ, was authorized by Pa.R.C.P. 3121(a)(3) and (b)(2).[4]

Rule 3121 provides, in pertinent part:

(a)    Execution shall be stayed as to all or any part of the property of the defendant

…

(3) pending disposition of a property claim filed by a third party;

…

_____

[4] The trial court, in its August 5, 2014, opinion, did not discuss Rule 3121.

(b)  Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing

…

(2) any other legal or equitable ground therefor.

Pa.R.C.P. 3121(a)(3), (b)(2).[5]

> [A] court in which the execution proceedings are pending has an inherent power to stay the proceedings where it is necessary to protect the rights of the parties. Pa.R.C.P. 3121 authorizes a court to stay an execution upon the showing of a legal or equitable ground therefor. "The grant of a stay of execution is within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that discretion." *In re Upset Sale, Tax Claim Bureau of Berks*, 505 Pa. 327, 339, 479 A.2d 940, 946 (1984), citing *Pennsylvania Company v. Scott*, 329 Pa. 534, 549, 198 A. 115, 122 (1938); *Augustine v. Augustine*, 291 Pa. 15, 18, 139 A. 585, 586 (1927).

*Kronz v. Kronz*, 574 A.2d 91, 94 (Pa. Super. 1990).

Regarding the applicability of Rule 3121(a)(3), the third-party property claim filed by Jack Potok was resolved by the Court's October 16, 2013, order, and no party sought to appeal or to clarify that determination. Thereafter, the Sheriff's sale scheduled for January 23, 2014, was cancelled by Magid upon learning the Sheriff was "unclear as to how to proceed based

---

[5] We note Magid, in his Memorandum of Law in Support [of] Emergency Petition for Supplementary Relief in Aid of Execution Pursuant to Pa.R.C.P. 3118, cited, *inter alia*, Rule 3121(b)(2), which provides for a discretionary stay. At argument on the emergency petition, Magid cited Rule 3121(a)(3), which provides for a mandatory stay, and also argued for a "discretionary stay" without specific citation to Rule 3121(b)(2). N.T., 6/3/2014, at 7–8.

on the court order."[6]  However, the issue of the Sheriff's concerns regarding the specificity of the court's October 16, 2013, order is not tantamount to "pending disposition of a property claim filed by a third party."  Pa.R.C.P. 3121(a)(3).

Regarding the applicability of Rule 3121(b)(2), providing that a stay of execution may be granted to, *inter alia*, any party in interest showing "any other legal or equitable ground therfor[,]" Magid, plaintiff/judgment-creditor, argued to the court:

> If, on the other hand, Your Honor doesn't see fit to find that it's still part of the property claim dispute, Your Honor, still there's a discretionary extension of the stay, which I think, again, in the interest of justice [is] warranted in this case, that Your Honor could issue a stay *nunc pro tunc*, could extend the writ, so that we don't have to go back to square one.
>
> I think maybe the resolution might be, since the parties can't agree, and if the sheriff won't go to a sale, that we either go back to Judge Corso and get a clarification of what he intended, but we're being put out of court as a result of the sheriff's recalcitrance.

N.T., 6/3/2014, at 8.  However, we are not persuaded that this argument presented an equitable basis for the court to grant a stay of execution pursuant to Pa.R.C.P. 3121(b)(2).[7]

---

[6] **See** January 23, 2014 facsimile letter of Magid to Sheriff, attached as Exhibit "D" to Third-Party Claimants, Jack Potok and Brian Rachlin's Response to [Magid's] Emergency Petition for Supplementary Relief in Aid of Execution Pursuant to Pa.R.C.P. 3118.

[7] Appellee, Fred Potok, in his brief to this Court, posits that Magid "effectively exercised his right to stay execution by voluntarily directing the
*(Footnote Continued Next Page)*

In sum, we conclude the trial court properly acted within its discretion in denying Magid's emergency petition for supplementary relief in aid of execution, seeking relief pursuant to Pa.R.C.P. 3118.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2015

---

*(Footnote Continued)*

Sheriff to cancel the Sheriff's Sale that had been scheduled for January 23, 2014." Potok's Brief, at 15–16, *citing* Pa.R.C.P. 3121(a)(1) ("Execution shall be stayed as to all or any part of the property of the defendant … upon written direction of the plaintiff to the sheriff[.]"). Therefore, it is not even clear that Magid needs the relief he requested pursuant to Pa.R.C.P. 3121(a)(3) and (b)(2).