Delaware County National Bank *v.* Miller.

Kraft's Appeal.

(1)

Argued January 14, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER and MAXEY, JJ.

*Ralph B. Evans,* with him *Geary & Rankin,* for appellant.—This court will not interfere with the action of a lower court in setting aside a sheriff's sale where, in addition to gross inadequacy of price, there was some misapprehension as to the effect of the sale in discharging existing liens: Lyle v. Armstrong, 235 Pa. 224.

A sale under a judgment on a bond accompanying a mortgage discharges the mortgage: Pierce v. Potter, 7 Watts 475; Keene Home v. Startzell, 235 Pa. 110; Morris v. Campbell, 186 Pa. 589.

A mortgagee selling under a judgment on the bond may, if he chooses, sell only the equity of redemption, in which case the mortgage itself is not discharged: Zeigler's App., 35 Pa. 173; Crooks v. Douglas, 56 Pa. 51; Tospon v. Sipe, 116 Pa. 588.

*W. W. Montgomery, Jr.,* with him *Edward D. Mc-Loughlin* and *Paul Lane Ives,* for appellee.—It has never been doubted in Pennsylvania that the court in which an execution is issued by virtue of which real estate is sold by the sheriff has control of the sale, and that the setting aside of the sale, or refusing to do so, is in the sound discretion of the court and, in the absence of manifest and gross abuse of discretion, the appellate courts will not interfere: Stroup v. Raymond, 183 Pa. 279; Cumming's App., 23 Pa. 509; Phillips v. Wilson, 164 Pa. 350; Light v. Zeller, 195 Pa. 315; Haspel v. Lyons, 41 Pa. Superior Ct. 285; Lefever v. Kline, 294 Pa. 22; Fenton v. Joki, 294 Pa. 309.

It is the established law of Pennsylvania that, while inadequacy in price is not sufficient in itself to warrant setting aside a sale, nevertheless, when there is gross inadequacy in price, the court may seize on other circumstances to give relief; as, for instance, in the case of any irregularity in the advertisement: Ritter v. Getz, 161 Pa. 648; Light v. Zeller, 195 Pa. 315; Haspel v. Lyons, 41 Pa. Superior Ct. 285; Phillips v. Wilson, 164 Pa. 350; Stroup v. Raymond, 183 Pa. 279.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1931:

This appeal is from an order of the court below setting aside a sheriff's sale of real estate. The situation is unusual, but the decision is right.

On February 17, 1927, Ellis Himber executed and delivered to the Pennsylvania National Bank sixteen mortgages, each secured on a separate property on which was erected either a dwelling or a store. On September 8, 1927, Himber sold the properties to Samuel Miller, defendant, subject to these mortgages, for a consideration which included the giving by Miller to Himber of a second mortgage on each of the properties, and an agreement by Miller to assume Himber's liability upon the bonds accompanying the first mortgages. The second mortgages were duly executed and delivered, and, at

the same time, Miller gave to the bank a collateral judgment bond, which stated that he, Miller, "has assumed payment of the respective sums [secured by the first mortgages]. Therefore, this obligation is given and intended as additional security for the payment of said principal sums." Both sets of mortgages were duly recorded, and were respectively the first and second encumbrances on the sixteen properties. Plaintiff is now the owner of the first mortgages and of the judgment bond.

Miller having fallen in arrears in his payments to plaintiff, it entered up the collateral judgment bond on March 25, 1929, and issued an execution against the sixteen properties, as if they were but one. At the sale, plaintiff's counsel announced that the purchaser's title would be subject to the lien of the two sets of mortgages, whereupon defendant's counsel, then acting for defendant's brother-in-law, appellant herein, announced that the title to be acquired would be free and clear of the mortgages. With these conflicting statements ringing in the ears of prospective bidders, the properties were immediately put up and sold to appellant for $2,000.

Six days later, plaintiff filed a petition to set aside the sale, and appellant answered, averring, inter alia, that all the mortgages were discharged by the sale, an averment which was never withdrawn or qualified until, in this court, it was stated to have been erroneous. The depositions taken in the court below showed, and it found as facts, that the properties were worth $69,200; that the taxes due and the costs of the sale amounted to upwards of $2,000, and stated, as its principal reason for setting aside the sale, "that the announcement made at the sale by the purchaser was calculated to discourage bidding." This conclusion must necessarily be correct, for prospective bidders had no opportunity at that time to verify the accuracy of either announcement, and hence, unless having outside information or being im-

bued with a gambling spirit, would not run the risk involved in purchasing under such circumstances. It appears also that there was a garage on the rear of one of the properties, which was not referred to in the advertisement of the sale, and the court below planted its decision partly on this ground, which is, of course, an adequate reason for its order: Light v. Zeller, 195 Pa. 315. We prefer, however, to decide the appeal on the principal reason above stated.

Appellant complains that the court below did not decide whether, as a matter of law, the title which would be acquired by the sale, would or would not be subject to the lien of the mortgages. It was not asked to do so. There is no room for doubt, however, but that it would have been subject thereto, for there is not a single element in the case justifying the conclusion that the title would date back to the time of recording either set of mortgages. The judgment bond was not between the same parties as either of the mortgages; it was not entered of record until long after both were recorded; its date accords with that of the second set, but its amount has no relation to the aggregate thereof; its amount agrees with that of the first set, but its date does not; it was only a collateral security for their payment, and had no other connection with the debts to secure which those mortgages were given. Prospective bidders would find nothing of record justifying the conclusion that an unencumbered title would be acquired by the sale, and this question must always be determined by the record alone, for it is an unbending rule that, in this respect, all bidders must be on the same footing at a sheriff's sale: Reading v. Hopson, 90 Pa. 494; Reisinger v. Garrett Smokeless Coal Co., 262 Pa. 530, 534; Penna. Co. for Ins. on Lives, etc., v. Halpern, 273 Pa. 451, 455; Colonial Trust Co. v. Lincoln Drive Apartments Corporation, 299 Pa. 117. Appellant's announcement, which might seem to have been an inducement to higher bid-

ding, really introduced an element of uncertainty, which destroyed the possibility of all bidders being on the same plane.

Though the mortgages were not discharged, appellant, who was then asserting that the title to be acquired would not be subject to their lien, cannot be heard to complain because the court below considered the case on the plane on which he placed it. If it was not subject thereto, then appellant purchased for $2,000 properties which were worth $69,200, and if the lien of the mortgages was not discharged, appellant would get an equity of five times the amount of his bid. The real point of the decision is, however, that the confusion in the minds of prospective bidders, because of the conflicting notices, probably resulted in the gross inadequacy of the amount bid, and that equity therefore required the sale to be set aside.

It has often been said that this will not be done for a mere inadequacy of price, without more; but no case goes so far as to say that a chancellor must confirm a sale where the inadequacy is so great as to shock his conscience, as would be the case here. After all, the ultimate test always is, whether or not the action of the court in setting aside the sale was a gross abuse of discretion (Stroupe v. Raymond, 183 Pa. 279, 281; Chase v. Fisher, 239 Pa. 545, 548; Lefever v. Kline, 294 Pa. 22), and he would be a strange student of the law who could conclude that a chancellor grossly abused his discretion by refusing to do that which would have shocked his conscience.

Perhaps we should add that the sale of a number of improved properties as if they were one property, is a practice to be discouraged; only a strong reason could justify it, and, so far as appears, none such exists in this case. So, also, if there is a real doubt as to the encumbrances which will be discharged by the sale, this matter ought to be determined preliminarily, where reason-

ably possible, as usually may be done by a proceeding under the Declaratory Judgments Act.

The order of the court below is affirmed at the cost of appellant.