## Hettler et al., Appellants, *v.* Shephard.

Argued March 24, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edward J. McGinness,* with him *G. Roy Keitzer,* for appellants.

*Herbert R. Hahn* and *R. A. Hitchens, Jr.,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, April 19, 1937:

This is an appeal from an order setting aside a sheriff's sale for inadequacy of the price at which the property was purchased.

A petition or motion to set aside a sheriff's sale is the proper procedure when the purchase price is grossly inadequate, and an order granting relief will not be disturbed unless it clearly appears that the court below abused its discretion: *Kline v. Kline,* 324 Pa. 145; *Lefever v. Kline,* 294 Pa. 22. We held in *Delaware County Nat'l Bank v. Miller,* 303 Pa. 1, where an order setting aside a sheriff's sale was challenged that ". . . the ultimate test always is, whether or not the action of the court on setting aside the sale was a gross abuse of discretion, . . . and he would be a strange student of the law who could conclude that a chancellor grossly abused his discretion by refusing to do that which would have shocked his conscience." An application to set aside a sheriff's sale should be made promptly before intervening rights are prejudiced.

While the property sold was assessed for $3,080, the real value was above this figure and the amount realized at the sale, $989.76, covered merely taxes and costs. The court below found that such price was inadequate. The great disproportion between the price realized at the sale and the real value of the property effectively

negatives the contention that the lower court abused its discretion. Such gross inadequacy of price offered sufficient basis for the action of the court below.

Decree affirmed at appellants' cost.