## Peoples–Pittsburgh Trust Company *v.* Blickle et al., Appellants.

Argued March 28, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Mahlon E. Lewis,* of *Stewart & Lewis,* for appellants.

*James S. Crawford,* with him *James Wilson Crawford,* of *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 9, 1938:
Appellants borrowed from appellee $20,000 secured by a bond and mortgage on their real estate. Judgment on the bond was confessed against them for $24,622.20 and the real estate sold at sheriff's sale to appellee for $1,107.95, covering the costs of sale and unpaid taxes. Averring that the fair value of the property was not less than $30,000, appellants petitioned the court below to set aside the sale for gross inadequacy of price. Testimony established that appellants had paid $37,750 for the property, that it was assessed at $23,250 by the City of Pittsburgh, at $19,920 by Allegheny County. Appellants' expert witnesses estimated its worth as $30,605 and $32,100 respectively, while appellee's witnesses placed its value at $17,200, $15,480, and $15,000. The court below refused the petition, and from its order as amended this appeal was taken.

In this Commonwealth, the principle is established that gross inadequacy of price, on timely application by the mortgagor, furnishes sound basis for setting aside a sheriff's sale: *Hettler v. Shephard,* 326 Pa. 165, adopting the rule expressed in *Delaware County Nat. Bank v. Miller,* 303 Pa. 1, at page 6, and in *Beaver County Bldg. & Loan Assn. v. Winowich,* 323 Pa. 483, at page 514. *Hettler v. Shephard,* supra, has been since recog-

nized in *Knox v. Noggle,* 328 Pa. 302, 305; *American State Bank and Trust Co. v. Mariades,* 328 Pa. 428, 431; *Home Owners' Loan Corporation v. Edwards,* 329 Pa. 529; *Home Owners' Loan Corporation v. Eiden,* 329 Pa. 532, and *Pennsylvania Company, etc., v. Scott,* 329 Pa. 534.

Pennsylvania is not alone in this position;[1] the cases cited in the note show that the rule that gross inadequacy of price is sufficient to prompt the court's exercise of equitable powers has been adopted in other jurisdictions.

The determination of the question presented in a petition to set aside a judicial sale is an exercise of discre-

---

[1] See *Federal Title & Mtg. Guaranty Co. v. Lowenstein,* 113 N. J. Eq. 200; *Better Plan B. & L. Assn. v. Holden,* 114 N. J. Eq. 537; *Young v. Weber,* 117 N. J. Eq. 242; *Bluestone Bldg. & Loan Assn. v. Glasser,* 117 N. J. Eq. 392; *Chemical Bank & Trust Co. v. Adam Schumann Assn.,* 268 N. Y. S. 674; *Farmers' & Mechanics' Sav. Bank v. Eagle Bldg. Co.,* 271 N. Y. S. 306; *Monaghan v. May,* 273 N. Y. S. 475; *Graffam v. Burgess,* 117 U. S. 180; *Byers v. Surget,* 60 U. S. 303, 311; *Foote v. Kansas City Life Ins. Co.,* 92 Fed. (2d) 744, 746; *Van Senden v. O'Brien,* 58 Fed. (2d) 689 (certiorari denied, 287 U. S. 608); *Speers Sand & Clay Works v. Am. Trust Co.,* 52 Fed. (2d) 831, 835; *Hart v. Hines,* 10 App. D. C. 366; *Suring State Bank v. Giese,* 210 Wis. 489; *Michigan Trust Co. v. Cody,* 264 Mich. 258; *Joint Stock Land Bank v. Hudson,* 266 Mich. 644; *Henderson v. Sublett,* 21 Ala. 626; *Smith v. Arizona Engineering Co.,* 21 Ariz. 624, 627; *McCoy v. Brooks,* 9 Ariz. 157; *George v. Norwood,* 77 Ark. 216, 218; *Van Graafieland v. Wright,* 286 Mo. 414, 426; *Shoe Company v. Wyble,* 261 Mo. 675; *Mangold v. Bacon,* 237 Mo. 496; *Nodine v. Richmond,* 48 Ore. 527; *Johnson v. Johnson,* 66 Wash. 113; *Young v. Schroeder,* 10 Utah 155 (aff. in 161 U. S. 334); *Butler v. Slattery,* 212 Iowa 677, 680; *Glenn v. Miller,* 186 Iowa 1187, 1191; *Johnson v. Funk,* 132 Kan. 793; *Bratton v. Graham,* 146 Miss. 246, 259; *Hesdorffer v. Welsh,* 127 Miss. 261; *Branch v. Foust,* 130 Ind. 538, 543; *Fletcher v. Mc-Gill,* 110 Ind. 395, 402; *Baar v. Smith,* 97 Cal. App. 398, and *Haish v. Hall,* 90 Cal. App. 547 (personalty); Rorer on Judicial Sales (2d ed.), sections 110, 549; Freeman on Executions (3d ed.), sections 309 and 304(i); Bispham's Principles of Equity (11th ed.), p. 195.

tion, and for its abuse we will reverse on appeal. It is a necessary corollary to *Hettler v. Shephard,* supra, which, as stated above, determined that gross inadequacy of price offers a sound basis for setting aside a sale, that the possibility of abuse of discretion exists as well in refusal to set aside. The exercise of discretion by a court of equity is not an arbitrary or capricious function, but is one directed within the channels of precedent. See *Sullivan v. Jones & Laughlin Steel Co.,* 208 Pa. 540, 554; *Asbury v. Carroll,* 54 Pa. Superior Ct. 97, 102; *Osborn v. United States Bank,* 22 U. S. 738, 866; *Willard v. Tayloe,* 75 U. S. 557, 567. Where the discrepancy between the value of the property and the price realized at the sale is so great as to come within the rule established by previous decisions of this Court, the mortgagor is entitled to have the sale set aside.[2] Since the disproportion between value and price realized is here markedly more pronounced than in *Hettler v. Shephard,* supra, the refusal of the court below to set aside the sale for gross inadequacy was an abuse of discretion.

Appellee argues that federal and state constitutional provisions forbidding the impairment of contracts deter the court's setting aside of the sale. But that constitutional restriction does not apply to judicial decisions: *Sinking Fund Commissioners of Philadelphia v. Philadelphia,* 324 Pa. 129, 133, and cases there cited. See also *McCoy v. Union Elevated Railroad Co.,* 247 U. S. 354. The effect of this exercise of judicial discretion is primarily not upon the right but upon the remedy. See *Sinking Fund Commissioners of Philadelphia v. Philadelphia,* supra, at page 139 of the concurring opinion.

Order reversed with a procedendo.

---

[2] See *Home Owners' Loan Corporation v. Biden,* 329 Pa. 532, where this court said, "If the sum realized at the sale was grossly inadequate appellants were entitled to have the sale set aside. . . ."