## Federal Land Bank of Baltimore v. Richards et al.

*James K. Peck*, for plaintiff.
*James J. Powell*, for defendant.

LEACH, P. J., November 10, 1942.—The land of Henry Wells Richards, defendant, was advertised for sheriff's sale on Friday, November 6, 1942, at 10 a.m. at the courthouse in Scranton, and was listed as no. 10 on the list.

Due to a critical illness in his family, counsel for plaintiff was not present at the time when the description was read and at the time the property was to be exposed for sale. He was not there to give the usual direction given at sheriff's sales by the counsel in control of the writ, and did not command the sheriff to sell.

This omission was not noticed by the sheriff, and he proceeded to offer the property for sale, and when it was knocked down for taxes and costs he announced sold to James K. Peck, attorney.

Counsel for the mortgagor was present and stated that he was the one that made the bid. Mr. Peck, arriving immediately thereafter, notified Mr. Powell that the sale was made by mistake when he wasn't present and the sheriff did not accept the bid when the money was tendered. Upon refusal by counsel for the mortgagor to release his bid, this rule to set aside the alleged sale followed.

There might be some question as to the validity of a sale where by accident or fair excuse, as in this case, the attorney in control of the writ did not give the order to sell. It is not necessary to decide the case on that ground. The older cases held that inadequacy of price was no ground for setting aside a sheriff's sale. However, this is no longer the law. In Hettler et al. v. Shephard, 326 Pa. 165, and several other cases since, gross inadequacy of price is ground for setting aside a sheriff's sale. The argument of counsel for the mortgagor that he should have the benefit of such a rule but it should not be extended to the mortgagee does not impress us in a case where the mortgagee is prepared to bid nearly $3,700 for property that was sold for about $180.

November 10, 1942, the sheriff's sale to James J. Powell, attorney, is set aside.