Capozzi (et al., Appellant), *v.* Antonoplos.

566

Argued March 24, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert W. McWhinney*, with him *Edwin J. Martin* and *Goehring & McWhinney*, for appellant.

*Emil W. Herman*, with him *Meyer W. Gordon* and *Rothman, Gordon & Foreman*, for appellee.

OPINION BY MR. JUSTICE EAGEN, May 27, 1964:

Tom G. Zaimes, Anthony P. Antonoplos and Milton P. Antonoplos were the sole owners in equal proportions of the stock of the Monroeville Drive-In Corporation. A dispute arose concerning salaries paid share-

holders employed by the corporation. The Antonoploses retained Attorneys Alvin D. Capozzi and David Marlin Laufe to represent their individual interests. A settlement was reached and agreement consummated by the parties involved on August 27, 1960, which provided, inter alia, that the corporate stock certificates were to be endorsed with the legend making the stock subject to the agreement.

The Antonoploses delivered their stock certificates to their attorneys, Capozzi and Laufe, for the purpose of inscribing the certificates in accordance with the agreement. The certificates were never returned.

Subsequently, Attorneys Capozzi and Laufe billed their clients in the sum of $1000 for services rendered. When the bill remained unpaid, suit was instituted resulting in the entry of a default judgment on October 13, 1961. The sum of $175 was paid on the indebtedness in April 1962.

On May 7, 1962, Capozzi and Laufe assigned the judgment to Zaimes, without notice to the judgment-debtors. On the same day, a writ of execution issued. On May 26, 1962, the return of the sheriff was filed averring: (1) A levy on the stock involved, on May 14, 1962, in the possession of Capozzi and Laufe as garnishees; (2) Advertisement of the stock for sale at the sheriff's office on May 21, 1962, at ten o'clock a.m.; (3) Sale consummated on the date advertised for the sum of $58.30, the exact amount of the costs of the execution process. While the return fails to disclose the specific manner in which the sale was advertised or the identity of the sale purchaser, it is undisputed that no notice of the levy or sale was given to the legal owners of the stock and that the purchaser at the sale was Zaimes.

On July 13, 1962, the Antonoploses filed, in the County Court of Allegheny County, petitions to open the judgment and to set aside the sheriff's sale.

On June 21, 1963, after hearing, the court entered an order denying the application to open the judgment, but directing that the sheriff's sale be set aside upon the payment of the sum of $982.57 in satisfaction of the judgment. Zaimes appealed from this order to the Superior Court, which subsequently certified the appeal to this Court because there was pending here an appeal in an action in equity, involving the same parties and related questions.

The court below set aside the sheriff's sale on two grounds: (1) Lack of notice of the levy and sale to the legal owners of the property sold; and, (2) Gross inadequacy of price paid by the purchaser at the judicial sale. The court did not specifically find the existence of fraud, but stated in its opinion that its conscience was "aroused" by the entire transaction and justice required setting aside the sale.

Appellant first contends that the petition to set aside the sale was filed after delivery of the stock by the sheriff to the sale purchaser and that, therefore, the court lacked the power to adjudicate the validity of the purchaser's title upon petition and rule.

Rule 3132 of the Pennsylvania Rules of Civil Procedure requires that an application to set aside a sheriff's sale be filed before the sheriff makes delivery of the personal property to the purchaser, or the delivery of the deed where real estate is involved. If such a petition is not so filed, relief should be sought through an action in equity or other appropriate action. See, *Schantz v. Clemmer*, 355 Pa. 394, 50 A. 2d 289 (1947).

However, there is nothing in the record before us to affirmatively show that possession of the property involved had been delivered by the sheriff when the instant proceedings were filed. But assuming such to be true, no objection was entered below by Zaimes on this ground and the action proceeded to hearing and decision with his acquiescence. In fact in the related

equity action, in preliminary objections, he alleged that the county court was the proper forum to resolve the issue. The timeliness of the proceeding to set aside was first questioned on this appeal. It is fundamental that questions not raised below will not be heard on appeal: *Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899 (1955), and *Brenner v. Sukenik,* 410 Pa. 324, 189 A. 2d 246 (1963). But it is maintained that the issue concerns the jurisdiction of the court and may be raised anytime. That it is a jurisdictional question, we do not agree.

The Rules of Civil Procedure are clearly limited in their scope to practice and procedure in the courts of the first instance. They do not involve jurisdiction. See, *Reading Co. v. Willow Dev. Co., Inc.,* 407 Pa. 469, 181 A. 2d 288 (1962). Moreover, the test of jurisdiction is the competency of the court to determine controversies of the general class to which the case presented for consideration belongs: *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106 (1952), and *Seligsohn Appeal,* 410 Pa. 270, 189 A. 2d 746 (1963). The court below certainly had the power of control over its own execution process and to act to prevent an abuse thereof. See, *Cake v. Cake. Depew's Appeal,* 192 Pa. 550, 43 A. 971 (1899); and 15 P.L.E., Execution §95.

Appellant further maintains that no competent evidence was introduced to establish that the value of the stock was greater than the price paid at the sheriff's sale. Anthony Antonoplos' testimony was sufficient, in itself, to establish that the *minimum* value of the stock was $20,000. No objection to the competency of this testimony was entered at the hearing, nor was a motion made to strike it from the record. It is now too late to raise this objection. Additionally, the testimony of the witness, Basle, also unobjected to, certainly established the gross inadequacy of the price paid and is ample to sustain the court's finding in this respect.

Since gross inadequacy of price is sufficient basis, in itself, for setting aside a sheriff's sale (See, *Peoples-Pbgh. Tr. Co. v. Blickle,* 330 Pa. 398, 199 A. 213 (1938)), it is unnecessary for us to reach the question of the impact of the failure to give notice of the levy and sale to the owners of the stock.

Finally, it should be noted that a petition to set aside a sheriff's sale is addressed to the sound discretion of the court below and its decision will not be reversed on appeal, unless there is a gross abuse of that discretion. *Peoples-Pbgh. Tr. Co. v. Blickle,* supra; and, *Hettler v. Shephard,* 326 Pa. 165, 191 A. 581 (1937). Such is not present here.

Order affirmed.