## Antonoplos, Appellant, *v.* Zaimes.

Argued March 24, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Emil W. Herman,* with him *Rothman, Gordon and Foreman,* for appellants.

*Edwin J. Martin,* and *Goehring, Martin & Rutter,* for appellees.

OPINION BY MR. JUSTICE EAGEN, May 27, 1964:

Following the institution of the proceeding to set aside the sheriff's sale discussed in the opinion heretofore filed,[1] this action in equity was instituted in the Court of Common Pleas of Allegheny County by Anthony P. Antonoplos and Milton P. Antonoplos. It sought: (1) To enjoin any transfer of the stock pending the outcome of the litigation; (2) To order the stock returned to the plaintiffs; (3) To have all corporate acts performed subsequent to the sheriff's sale declared null and void; (4) To obtain an accounting; and, (5) To appoint a receiver.

The defendants filed preliminary objections to the complaint in the nature of a demurrer. One of the contentions was that equity lacked jurisdiction because of the pendency of the action in the county court. This position was sustained by the lower court and jurisdiction of the issue *refused.* The court did, however, continue in existence a temporary order, previously entered by consent of the parties, restraining a transfer of the stock.

---

[1] *Capozzi v. Antonoplos,* 414 Pa. 565.

In view of the record then before it, the lower court's action may have had merit. However, our affirmance of the county court's action in setting aside the sheriff's sale simplifies the issue. Moreover, there is no just reason why the litigation should not be brought to a conclusion.

Under our decision in the related case, the question of the plaintiffs' right to the return of the stock involved is now moot. However, plaintiffs may be entitled to an accounting and other relief in this action. More importantly, the power of a court in equity may be necessary to enforce the return of the stock.

Therefore, the order of the court below as to the defendants, Tom G. Zaimes, Aglaia Z. Zaimes, his wife, the Monroeville Drive-In Corporation, Alvin D. Capozzi and D. Marlin Laufe, is vacated and the record remanded with a procedendo, in order that the entire issue may be brought to a final and equitable conclusion.