**Western Savings Fund Society v. Wytish**

*David G. Liss*, for plaintiff.

*Theo. J. Segal*, for defendants.

HIRSH, J., May 20, 1974.—Plaintiff, mortgagee, began this action by filing a complaint in mortgage foreclosure on December 18, 1972, to recover the unpaid principal balance resulting from defendants' failure to pay the monthly installments. Thereafter, service was made upon defendants, an answer was filed to the complaint, plaintiff propounded interrogatories which were served upon defendants, and defendants answered the three interrogatories and one motion for the imposition of sanctions four months later. On October 26, 1973, plaintiff filed a motion for judgment on the pleadings which this court granted on January 8, 1974. Thereafter, on February 4, 1974, damages were assessed at $23,857.37, and a praecipe for writ of execution was filed. On March 4, 1974, the subject property was sold at sheriff's sale for the sum of $33,100. The matter is presently before this court on defendants' petition to set aside the sale of real property.

In their petition, defendants aver that the sheriff's sale should be set aside because: (1) plaintiff refused to accept defendants' offer to cure their default, thereby violating the equitable principles as expressed in Senate Bill No. 1255, Act No. 6; (2) the knock-down price from the sheriff's sale of $33,100 is grossly inadequate; (3) the results of the sale constitute "a gross miscarriage of equitable justice"; and (4) no prejudice would result to plaintiff.

The determination of the question presented in a petition to set aside a judicial sale is an exercise in equitable discretion, governed by equitable principles: Doherty v. Adal Corporation, 437 Pa. 109, 261 A. 2d 311 (1970); Peoples-Pittsburgh Trust Company v. Blickle, 330 Pa. 398, 199 Atl. 213 (1938). In the present action, upon careful consideration of defendants' arguments, this court finds no basis for setting aside the sheriff's sale. It is well-established law that inadequacy of consideration will not alone suffice to set aside an execution sale in other respects regular and proper: Taylor v. Bailey, 323 Pa. 278, 185 Atl. 699 (1936); Stroup v. Raymond, 183 Pa. 279, 38 Atl. 626 (1897). However, where the price for which the property sold is grossly inadequate, this court will make every effort to give relief; Capozzi v. Antonoplos, 414 Pa. 565, 201 A. 2d 420 (1964); Wagener v. Yetter, 280 Pa. 229, 124 Atl. 487. In arguing that the bid price of $33,100 is grossly inadequate, defendants merely assert that the value of the property exceeds $45,000. This is not enough. Defendants should have presented appraisal testimony of qualified experts or other competent evidence. They did not satisfy their burden by presenting a bare allegation of value. This court is confident that the bid price is adequate.

Defendants further argue that equitable considerations require the setting aside of the sheriff's sale despite the presence of a record replete with example of defendants' dilatory and irresponsible behavior. Specifically, defendants did not promptly answer the complaint; they delayed answering plaintiff's interrogatories until plaintiff moved for sanctions; they failed to respond to plaintiff's motion for judgment on the pleadings, and they waited until after the sheriff's sale to come before the court for equitable consideration. Moreover, it was clear at the time of oral argument of the instant petition that defendants had

demonstrated a pattern of late payments during the life of the mortgage. Notwithstanding the aforesaid, defendants contend that it is incumbent upon this court to apply the spirit of Senate Bill No. 1255, Act No. 6 and set aside the sale. Although the act did not take effect until March 30, 1974, and, consequently, is inapplicable, this court is aware of the intention of the legislature and purpose of the act, to wit: to permit a debtor to cure a default on a residential mortgage thereby preventing an unconscionable result. However, each case must be considered on its own merits and a weighing of the present equities clearly demonstrates the necessity of preserving and not setting aside the sheriff's sale.

Accordingly, it is, therefore.

Ordered and decreed that defendants' petition is denied.