574 A.2d 91

**Deborah KRONZ**

v.

**John F. KRONZ.**

**Appeal of FIRST SENECA BANK.**

**FIRST SENECA BANK, Appellant,**

v.

**John F. KRONZ and Deborah J. Kronz, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1989.

Filed April 16, 1990.

228

Gregory M. Devine, Pittsburgh, for First Seneca, appellant.

Ronald G. Backer, Pittsburgh, for Deborah Kronz, appellee.

Before ROWLEY, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

The issue in this appeal is whether a court abuses its discretion by indefinitely enjoining the foreclosure of a defaulted mortgage against commercial real estate because of a pending divorce action between the husband and wife owner-mortgagors.

In July, 1986, Deborah and John Kronz, husband and wife, obtained a loan from First Seneca Bank in the amount of two hundred thousand ($200,000.00) dollars. The loan was secured by a first mortgage on commercial real estate known as the Jade Building, which the borrowers owned in Thornburg, Allegheny County. Shortly thereafter, the mortgagors separated, and, on September 11, 1986, Deborah filed an action for divorce. The mortgage then went into default, and when the mortgagors failed to maintain the building, First Seneca began foreclosure proceedings on the mortgage note and recovered a judgment against both husband and wife for two hundred thirty thousand ($230,-000.00) dollars. After the premises had been scheduled for sheriff's sale in November, 1987, Deborah Kronz filed in the divorce action a petition alleging that the property had a value of six hundred fifty thousand ($650,000.00) dollars and requesting the court to enjoin the sale of the property. When the court granted the petition, the bank appealed. The trial court then requested and obtained a remand for further proceedings; whereupon it vacated the injunction and reissued the writ of execution. After the property had again been listed for sale, Deborah Kronz filed in the Civil Division a motion to suspend the reissued writ of execution. This petition was assigned to the Family Division, i.e., the divorce court, for disposition. Hearings were held, and an order was issued which enjoined First Seneca Bank from further executing on its judgment. It is this order which, on the bank's appeal, is now before this Court for review.

■■ Contrary to the opinion of the trial court and the argument advanced by the wife-appellee, the present appeal is properly before this Court for review. The injunction entered affects not only the rights of the parties in the divorce action but also the rights of the third party mortgagee. The court's order has prevented the mortgagee from enforcing contractual rights expressly granted to it by the mortgage agreement and has imposed upon it obligations and risks not included in its agreement. Such an order is appealable under the rule announced in *Cohen v.*

*Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) and adopted by the Pennsylvania Supreme Court in *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). See: *Katz v. Katz,* 356 Pa.Super. 461, 514 A.2d 1374 (1986). "Under *Cohen,* an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Pugar v. Greco, supra* 483 Pa. at 73, 394 A.2d at 545. The injunction entered in this case is separable from and collateral to the main action of divorce between the husband and wife mortgagors, and, because it deprives the mortgagee of contractual rights and imposes upon the mortgagee obligations and risks not contractually assumed, the rights involved are too important to be denied review. Finally, if review is postponed until the divorce action has been finalized by an order of distribution, the right of appellate review will have been lost.

■ The legislative history of the Divorce Code of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq., reveals the legislature's concern for whether a matrimonial court should be permitted to interfere with the rights of creditors holding a security interest in marital property. Thus, in section 401(e), it excepted from "distributable marital property" any "property to the extent to which such property has been mortgaged or otherwise encumbered in good faith for value, prior to the date of final separation." To the extent that a secured creditor has acquired a bona fide interest in property owned by spouses, a matrimonial court does not have power to impair the creditor's security.

■ That the legislature did not intend to confer upon matrimonial courts the power to impair the rights of secured creditors is also demonstrated by Section 401(c) of the Divorce Code. This section of the statute authorizes a divorce court to grant injunctive relief against either party or "against any third person over whom the court has

jurisdiction and who is involved in or concerned with the disposition of the cause." Secured creditors of husband and wife are not third persons who are "involved in or concerned with" the disposition of the divorce action. Although there may be situations in which an execution on real estate can properly be stayed by a court, the Divorce Code has not vested in matrimonial courts the power to alter the rights of creditors who are secured by liens on real estate owned by husband and wife as tenants by the entireties. A matrimonial court has not been authorized to alter or delay the rights of secured creditors merely to aid in effecting an equitable distribution of marital property between the spouses.

However, a court in which the execution proceedings are pending has an inherent power to stay the proceedings where it is necessary to protect the rights of the parties. Pa.R.C.P. 3121 authorizes a court to stay an execution upon the showing of a legal or equitable ground therefor. "The grant of a stay of execution is within the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of that discretion." *In re Upset Sale, Tax Claim Bureau of Berks,* 505 Pa. 327, 339, 479 A.2d 940, 946 (1984), citing *Pennsylvania Company v. Scott,* 329 Pa. 534, 549, 198 A. 115, 122 (1938); *Augustine v. Augustine,* 291 Pa. 15, 18, 139 A. 585, 586 (1927). A court, in exercising this power, should not stay an execution unless the facts warrant an exercise of judicial discretion. This entails a balancing of the rights of the debtor and creditor. Thus, a stay of execution was held proper upon a showing that an immediate enforcement of the judgment would result in unnecessary hardship to the judgment debtor. *Sinking Fund Commissioners of Philadelphia v. Philadelphia,* 324 Pa. 129, 188 A. 314 (1936). See also: *Foster v. Rubenstein,* 383 Pa. 236, 118 A.2d 195 (1955) (execution stayed because of equity proceedings involving same parties and same subject matter). On the other hand, an execution against an undivided interest in real estate will not be stayed because of pending partition proceedings,

*North Wales Nat'l Bank v. Lapetina,* 36 D. & C. 167 (Montg.1939), or because the judgment debtor has commenced a separate assumpsit action against the creditor. *Guth, Inc. v. Bittner,* 13 Leh.L.J. 97 (1928).

In the instant case, the trial court did not merely stay the bank's execution proceedings. Rather, it enjoined the bank indefinitely from executing on the Jade Building or on any other property owned by Deborah and John Kronz to collect moneys for the repayment of which it had recovered a judgment. As a general rule, a court cannot properly impair the contractual rights of a secured creditor or impose upon it duties and obligations which it did not contract to assume. A court abuses its discretion if, by its order, it impairs the collateral security which a creditor has contracted for in a loan transaction. Here, husband and wife borrowed money and agreed that they would be jointly and severally liable for the repayment thereof. As security for their agreement to repay moneys borrowed, husband and wife created a mortgage interest in favor of the bank in jointly owned commercial real estate. The rights of the mortgagee bank in this real estate were contractual; they did not depend upon a continuing marriage of the mortgagors or upon the distribution of the real estate between them upon divorce.

The evidence is that the mortgaged premises have a market value of between $650,000.00 and $700,000.00. The bank's judgment is for only $230,000.00. There is, therefore, a substantial equity in the property on which the bank has issued execution. This equity is deserving of protection if the court can do so without impairing the substantive rights which have accrued to the secured creditor. *Sinking Fund Commissioners of Philadelphia v. Philadelphia, supra.* However, a court may not deprive the judgment holder of substantive rights, for to do so is a violation of due process. *Id.* 324 Pa. at 133–134, 188 A. at 317.

■ In the instant case, the trial court required that husband and wife owners enter an agreement with a real estate broker to list the property for sale. The trial court also directed that the rents from tenants of the building be assigned to the bank. However, the court's order did not set a time limit within which the property was to be sold. The duration of the injunction was indefinite. The court's order also did not fix a minimum price at which the property was to be sold. Either party was free to refuse an offer to buy. Thus, the court's order created a substantial risk of prolonged delay. Such a delay would unquestionably affect the substantive rights of the execution creditor.

Although the court made provision for an assignment of the rents, it made no provision for management and maintenance services necessary for a commercial building. The court's order did not fix responsibility for making repairs to the building, for making payment of taxes and municipal service charges, or for keeping the property protected by adequate insurance coverage. The evidence was that neither husband nor wife had been diligent in maintaining the property or in providing services to the tenants. Without such provisions, as the mortgagee cogently argues, its substantive rights have been adversely affected by the court's order and the resulting delay in enforcing its judgment. We are constrained to conclude, therefore, that an assignment of the rents was inadequate security for the protection of the mortgagee while it was enjoined from pursuing the remedies guaranteed by its agreement with husband and wife. Because the trial court impaired the mortgagee's substantive rights without providing adequate interim security, its order must be deemed an abuse of discretion.

To summarize, the court set no time limit for its order enjoining the mortgagee from enforcing its contractual rights. There is no guarantee that the real estate will be sold in the near future at a price satisfactory to husband and wife. Although there are other marital assets available to pay or secure the mortgagee's judgment, the court did not require either payment or security. The effect of the

court's order is to alter the substantive rights of the mortgagee and to impose upon the mortgagee the risk of delay inherent in a divorce action whose movement the mortgagee is powerless to control.

Neither husband nor wife will be helpless in the event a sheriff's sale of the real estate is allowed to proceed. Either marital party can appear at the sale and, by appropriate bidding, insure that an adequate price is realized. Wife's fear that her husband will be able to purchase the premises for less than market value is purely speculative and, in any event, can be protected against by means other than enjoining the mortgagee from a timely enforcement of its judgment. The failed marriage is alone an inadequate basis for depriving the mortgagee of its contractual and legal rights to receive repayment of the loan after a default has occurred and where, as here, there is no likelihood that the default will be cured by the mortgagors.

Under these circumstances, we are constrained to conclude that the order of the trial court which enjoined execution on the mortgaged real estate was an abuse of discretion.

The order of the trial court is vacated, and the case is remanded for further proceedings consistent with the foregoing opinion. Jurisdiction is not retained.