632 A.2d 566

**S & T BANK (Formerly Savings & Trust Company of Pennsylvania) By Assignee Nicholas Dalessio,**

v.

**Samuel DALESSIO, Jr., appeal of Rosalie DALESSIO.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1993.

Filed Oct. 14, 1993.

284

Joseph M. Wymard, Pittsburgh, for appellant.

Peter V. Marcoline, Jr., Pittsburgh, for S & T Bank, appellee.

Before ROWLEY, President Judge, and WIEAND and CIRILLO, JJ.

CIRILLO, Judge:

Rosalie Dalessio (Wife) appeals from an order entered in the Court of Common Pleas of Indiana County denying a petition to set aside a sheriff's sale of seven parcels of real estate and denying exceptions to the sheriff's schedule of distribution. We affirm.

Samuel Dalessio (Husband) and Wife were married on February 12, 1967 and were divorced in 1991. Wife has had possession of the marital residence since the time of the parties' separation, this residence being one of the properties purchased at the sheriff's sale. During the 1980's, Husband had obtained numerous loans at the S & T Bank (Bank) to further his business. Wife signed an agreement of guarantee and suretyship with the Bank to guarantee the loans. The loans were consolidated and a note was issued in the amount of $250,000.00. During the same time period, Husband obtained a mortgage and additional loans from the Bank. The Bank relied on the guarantee by Wife in issuing these loans.

On March 2, 1990, the Bank filed a complaint in confession of judgment against Husband in the amount of $262,500.00, which included the original amount of the consolidated loan and attorney costs. Several months later, appellee Nicholas Dalessio (Nicholas), who is Husband's brother, purchased all of the judgments against Husband.

Following this purchase and subsequent assignment of the judgments to Nicholas, Nicholas proceeded with execution. Wife filed a request for special relief requesting a stay of the sheriff's sale. Hearings were held and the trial court found that the real estate in Husband's name was marital property and, based on Wife's signature on the agreement of guarantee and suretyship, the debt was also marital debt. Consequently, the court denied Wife's request for a permanent stay.

After a failed execution due to defects in the sheriff sale proceedings, the sale which is the subject of this appeal was held in November, 1992. Dana Dalessio, daughter of Husband and Wife, appeared on behalf of Wife and participated in the bidding process. Nicholas's bid of $375,000.00 for all parcels made him the successful bidder.

In December, 1992, Wife filed a petition to set aside the sheriff's sale and requested a jury trial. Additionally, Wife filed exceptions to the proposed schedule of distribution. A hearing was held before the Honorable William T. Martin on both the petition and exceptions. Since there had been prior testimony concerning the values of the properties exposed to sale, transcripts of this testimony were admitted into evidence. Nicholas's real estate appraiser valued the parcels subject to execution at $365,000.00, while Wife's appraiser set the total value of the parcels at $657,000.00. The debt owed to Nicholas as of the date of the sheriff's sale, on all liens held by him, was $481,969.00.

The trial court denied Wife's petition and exceptions, including her request for a jury trial. This appeal followed. The following issues have been raised for our review:

(1) Whether Wife is entitled to a jury trial on the factual issues raised in her petition to set aside a sheriff's sale pursuant to Pa.R.C.P. 3132;

(2) Whether the parcels of property sold for a grossly inadequate price; and,

(3) Whether Wife's marital interest survives a sheriff's sale on a judgment that was against Husband only.

■ The decision to set aside a sheriff's sale is within the sound discretion of the trial court and the court's decision will not be reversed on appeal unless there is a clear abuse of such discretion. *Fidelity Bank v. Pierson*, 437 Pa. 541, 264 A.2d 682 (1970); *Continental Bank v. Frank*, 343 Pa.Super. 477, 495 A.2d 565 (1985); *Bornman v. Gordon*, 363 Pa.Super. 607, 527 A.2d 109 (1987), *appeal denied*, 517 Pa. 620, 538 A.2d 874 (1988). When challenging a sheriff's sale, it has also been held that "he would be a strange student of the law who could conclude that a [court] grossly abused [its] discretion by refusing to do that which would have shocked [the] conscience." *Hettler v. Shephard*, 326 Pa. 165, 191 A. 581 (1937); *Delaware County Nat'l Bank v. Miller*, 303 Pa. 1, 154 A. 19 (1931).

Wife first claims that she is entitled to a jury trial to determine the fair market value of the properties sold at the sheriff's sale. Wife asserts that the proper procedure here would be to permit a jury to determine the fair market values and then have the court make the legal determination of whether the sheriff sale price was grossly inadequate. We disagree.

As correctly pointed out by Wife, petitions to set aside sheriff's sales are brought pursuant to Pennsylvania Rule of Civil Procedure 3132, which states:

Upon petition of any party in interest before delivery of the personal property of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and

order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132, 42 Pa.C.S.A.

■ Nowhere in Rule 3132 is there a reference to the right to a jury trial for matters concerning the setting aside of a sheriff's sale. Thus, we do not agree with Wife's argument that, under Rule 3132, where important real estate rights are involved, a request for a jury trial cannot be summarily denied. Our research has revealed no statute or case which compels the result sought by Wife.

In further support of her argument, Wife cites Article I, Section 6 of the Pennsylvania Constitution, which states:

Trial by jury shall be as heretofore, and the right remains inviolate.

■ There are, however, limitations: Where no right to a jury trial existed prior to the adoption of the constitution, no right exists now unless one is specifically created by the legislature. *See Pottash v. Albany Oil Co.*, 274 Pa. 384, 118 A. 317 (1922); *Grant v. GAF Corp.*, 415 Pa.Super. 137, 157, 608 A.2d 1047, 1058 (1992). Furthermore, Rule 128(f) of the Pennsylvania Rules of Civil Procedure provides:

In ascertaining the intention of the Supreme Court in promulgation of a rule, the Court may be guided by the following presumptions among others.

(f) that no rule shall be constructed to confer a right to trial by jury where such right does not otherwise exist.

Pa.R.C.P. 128(f), 42 Pa.C.S.A.

In order for Wife to substantiate her claim, she must show that the right to a jury trial on the issue of fair market value determination existed prior to the adoption of the Pennsylvania Constitution, or that the legislature had created such a right. Wife has provided no authority that compels this court to recognize a right to trial by jury for purposes of setting a fair market value on the real estate sold at the sheriff's sale.

■ Wife next argues that the trial court abused its discretion in determining that the property sale price was

adequate. As noted above, before the delivery of the sheriff's deed to real property, the court may, upon the petition of any party in interest and upon a showing of proper cause, set aside the execution sale and order a resale. *See* Pa.R.C.P. 3132, *supra;* Goodrich–Amram 2d § 3132:1. The price at which the property is sold at the execution sale may constitute proper cause for setting aside the sale. Goodrich–Amram 2d § 3132:8. Keeping in mind our abuse of discretion standard, *Pierson, supra; Frank, supra; Gordon, supra,* mere inadequacy of the sale price of real estate is not sufficient to set aside a sheriff's sale. *Pierson,* 437 Pa. at 544, 264 A.2d at 684; *Frank,* 343 Pa.Super. at 485, 495 A.2d at 569. Rather, it has long been established that "gross inadequacy" of price is the basis for setting aside such a sale. *Frank* at 484, 495 A.2d at 568.

■ Wife complains that the sale price of $375,000.00 was grossly inadequate when compared to her appraiser's valuation of the seven parcels, which was $657,000.00. We recognize the rather large disparity between the sale price and Wife's appraiser's valuation price, however, the sale price is clearly in line with the $365,000.00 value assigned by Nicholas's appraiser. Thus, the sale price here is within a reasonable, acceptable range as established by the evidence before the trial court. As such, we find no abuse of discretion on the part of the trial court in finding that the price realized at the sheriff's sale was not grossly inadequate when compared to its purported value. *Frank, supra.* The sale price, when compared with Nicholas's appraiser's valuation, certainly does not "shock the conscience." *Shephard, supra; Miller, supra.*

Had the court not been presented with evidence other than that given by Wife's appraiser, a different result may have been warranted; however, given the fact that an acceptable range had been established when both parties' evidence was considered, the sale price was not so grossly inadequate as to be set aside. *See Miners National Bank of Wilkes–Barre v. Bowman,* 334 Pa. 534, 6 A.2d 286 (1939) (refusal to set aside execution of sale on ground of inadequate consideration was not abuse of discretion where property worth $10,000.00 was

sold for taxes and costs in the amount of $2,250.19 and debtor was obligated to purchaser for amounts under mortgage on property and judgments, especially where debtor made no effort to obtain bidders at sale); *J.B. Van Sciver Co. v. Smith,* 328 Pa.Super. 487, 477 A.2d 550 (1984) (real estate assessed for tax purposes at $8,700.00 and sold for $6,300.00 at sheriff's sale would not be set aside on grounds that price was grossly inadequate, despite owner's contention that the property was worth three times the assessed valuation); *cf. Capozzi v. Antonoplos,* 414 Pa. 565, 201 A.2d 420 (1964) (evidence sustaining finding that $58.30 paid at sheriff's sale for stock asserted by judgment debtor to be worth at least $20,000.00 was grossly inadequate).

In her final issue on appeal, Wife argues that her interest in the property, by virtue of her marriage, gives her status as a "lien holder" and entitles her to distribution from the proceeds of the sheriff's sale. Pennsylvania Rule of Civil Procedure 3136(c) specifies that the sheriff is to attach to the proposed schedule of distribution a list of liens on the real estate subject to execution. The sheriff then makes distribution in accordance with the prepared schedule. Pa.R.C.P. 3136(d), 42 Pa.C.S.A.

While we do not dispute Wife's ownership interest in the real estate,[1] such ownership interest is not considered to be a lien on the property subject to distribution pursuant to Rule 3136, *supra.* "As commonly understood, a lien is a charge upon property by which a lien creditor has the right to execute on that property in order to satisfy a debt or other obligation." *Unity Savings Assoc. v. American Urban Sciences,* 337 Pa.Super. 470, 474, 487 A.2d 356, 358 (1984). Wife is not a lien creditor. She does not have the right to execute on the property in question; in fact, quite the opposite—her rights must yield to those held by Nicholas, as discussed

1. It is undisputed that the property subject to execution was marital property. *See* 23 Pa.C.S.A. § 3501(b) ("All real ... property acquired by either party during the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership....").

below. *See also Atlantic Finance Corp. v. Kester,* 156 Pa.Super. 128, 136, 39 A.2d 740, 744 (1944) (one cannot own an article and at the same time have a lien upon it).

The facts of the instant case are analogous to those in *Kronz v. Kronz,* 393 Pa.Super. 227, 574 A.2d 91 (1990). In *Kronz,* the husband and wife had obtained a loan secured by a first mortgage on commercial real estate titled jointly. The couple separated shortly thereafter. The mortgage went into default and the lender instituted foreclosure proceedings and recovered a judgment against both husband and wife. The property was scheduled for a sheriff's sale and wife requested that the matrimonial court enjoin the sale. The trial court did so and the Superior Court reversed. This court found that the trial court abused its discretion in enjoining the execution on the mortgaged real estate, reasoning that:

> *[T]he Divorce Code has not vested in matrimonial courts the power to alter the rights of creditors who are secured by liens on real estate owned by husband and wife as tenants by the entireties....*
>
> \* \* \* \* \* \*
>
> A court abuses its discretion if, by its order, it impairs the collateral security which a creditor has contracted for in a loan transaction. Here, husband and wife borrowed money and agreed that they would be jointly and severally liable for the repayment thereof. As security for their agreement to repay moneys borrowed, husband and wife created a mortgage interest in favor of the bank in jointly owned commercial real estate. *The rights of the mortgagee bank in this real estate were contractual; they did not depend upon a continuing marriage of the mortgagors or upon distribution of the real estate between them upon divorce.*

*Id.* at 233, 234, 574 A.2d at 94, 95 (emphasis added).

Here, Wife admitted signing an Agreement of Guarantee and Suretyship with Bank. When all of the loans and mortgage went into default in 1990, Nicholas purchased all notes for value, at which time they were assigned to him. After several hearings, the trial court found that Nicholas was a

bona fide purchaser who stood in the shoes of the Bank. *See* Order dated March 4, 1992. Using the reasoning set forth in *Kronz,* the trial court did not have the authority to prevent Nicholas, as a secured creditor, from executing on the marital property of Husband and Wife.

For these reasons, the trial court was correct in denying Wife's exceptions to the proposed schedule of distribution. Wife's ownership interest could not constitute a lien for purposes of Rule 3136, *supra,* nor could the ownership interest be used to alter Nicholas's right as a secured creditor. *Kronz, supra.*

In light of the foregoing, we affirm the trial court's order.

Order affirmed.