**City of Philadelphia v. Kim**

*James Joseph Zwolak,* for the City of Philadelphia.
*Henry Jacobson,* for defendants.

CARRAFIELLO, *J.,* March 27, 2006—Suk Hyuk Kim and Myo Won Kim, h/w, appeal from the order of Court of Common Pleas of Philadelphia issued on January 18, 2006, denying their motion to set aside the tax sale. On December 18, 2004, the Commonwealth Court reversed

this court's order and remanded with instructions to consider the remaining issues raised in the original petition.

## FACTUAL AND PROCEDURAL HISTORY

Suk Hyuk Kim and Myo Won Kim (appellants) are husband and wife and in 1980 bought property at 3632-34 Germantown Avenue in Philadelphia as tenants by the entireties. On May 21, 2003, the City of Philadelphia filed a petition and rule to sell the property due to outstanding real estate taxes. At the September 17, 2003 tax lien sale Bernard Krik purchased the property for $112,000.

Appellants filed a petition to set aside the tax sale which this court granted on November 25, 2003, after determining that Suk Hyuk Kim's name had been misspelled on the notices of the sheriff's sale and in caption of the case, since his surname Kim was not listed.[1] This order was appealed and on December 8, 2004, the Commonwealth Court reversed our decision, holding that the notice was sufficient as to the names because "the name Suk Hyuk was not posted in public notices separately from his wife's name" and that "the name Suk Hyuk is essentially the same as the name Suk Hyuk Kim when it is read in conjunction with his wife's full name being listed immediately thereafter." (Commw. Ct. opinion, p. 4.)

---

1. The entries were captioned as: "Suk Hyuk
Myo Won Kim h/w".

The Commonwealth Court remanded with instructions for this court to consider the remaining issues raised in the original petition to set aside the tax sale and the objections thereto. Pursuant to this court's December 15, 2004 order, the parties submitted memorandum of law and on January 18, 2006, this court denied appellant's motion to set aside tax sale. This timely appeal followed.

## LEGAL DISCUSSION

Appellants filed a timely 1925(b) concise statement of matters complained of on appeal wherein they allege six issues of error with numerous subparts. Condensed, the issues raised are: notice, legal standing, gross inadequacy of price and this court's decision not to hold a hearing in this matter.

### *Notice*

Appellants claim that the tax sale should be set aside because the city failed to properly notify them of the sale. 53 P.S. §7193.2 requires the city to attempt to serve its petition upon owners and mortgagees by certified mail, first class mail, and posting of the premises.

On May 21, 2003, the city sent notice of the petition to sell and rule by regular and certified mail to the address registered by appellants as being their mailing address, that being the address of the property. Although appellants allege their son verbally notified the city of their change of address, this verbal notification is not considered sufficient under the relevant statute. 53 P.S. §7193 states an owner of real property "shall register a notice with the department of the city . . . responsible for the

collection of tax . . . stating his name, residence and mailing address. . . . The interested party shall file an amended registration as needed." It is undisputed that appellants did not register their new address. Nor did appellants provide evidence that posting was not made at the premises. Because appellants did not register their new address or provide any evidence that the city did not meet the notice requirements, this allegation of error must fail.

## Legal Standing

53 P.S. §7193.2(b) also provides,

"[N]o party whose interest did not appear on a title search . . . or tax information certificate or who failed to register his interest and address pursuant to section 39.1 of this act shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section."

Because the city complied with notice requirements under 53 P.S. §7193.2(a), appellants do not have standing to contest the validity of service and this claim must also fail.

## Inadequacy of Price

Appellants also challenge the tax sale on the grounds that the property was sold for an allegedly grossly inadequate price. Mere inadequacy of sales price is not a sufficient ground to set aside the sheriff's sale; the sale price must be grossly inadequate. *S & T Bank by Dalessio v. Dalessio,* 429 Pa. Super. 282, 632 A.2d 566 (1993). The term "grossly inadequate" has never been fixed at any given amount or percentage of amount of sale; in-

stead the court must look at each case on its own facts. *Scott v. Adal Corporation,* 353 Pa. Super. 288, 509 A.2d 1279 (1986). Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable. *First Federal Savings & Loan Association v. Swift,* 457 Pa. 206, 321 A.2d 895 (1974).

In order to show that the property was purchased at a grossly inadequate price, appellants must establish the value of the property. While appellants assert that the property is valued at $500,000 (supplemental memorandum of law, p. 21) they have offered no evidence, other than their representation, that the property has such a value. Appellants have only provided us with the price they allegedly paid in 1980 ($180,000) and the price that was paid at the sheriff's sale ($112,000). Without more this court cannot make a finding as to inadequacy of price and therefore this allegation of error must fail.

### Hearing

As this matter was reviewed on remand by the Commonwealth Court, we were to consider only those issues raised by the original petition. Pursuant to a December 15, 2004 order, the parties were granted the opportunity to provide this court with memorandum setting forth what they considered to be the remaining issues. In addition, the parties had the option of presenting evidence by deposition before we entered our first order. Therefore, a hearing was not needed and this court properly proceeded on the briefs, memorandum of law and deposition testimony.

For the reasons set forth herein, this court's order of January 18, 2006 should be affirmed.